# Exhibit A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 9-14
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

**See other side for instructions**

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.

☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.

☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 123 HOYT ST., STAMFORD, CT 06905 | ( 203 ) 965-5308 | ~~MAY~~ JUNE 16, 2 015 *Month Day Year* |

| ☒ Judicial District  ☐ Housing Session  ☐ G.A. Number: | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349)  Greenwich | Case type code *(See list on page 2)*  Major: **M90**   Minor: **T40** |
|---|---|---|

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)*  Peter Lundstedt 15 Lafayette Ct. 3A, Greenwich, CT 06830 | Juris number *(to be entered by attorney only)*  **Pro Se** |
|---|---|
| Telephone number *(with area code)*  ( 203 )  861-0035 | Signature of Plaintiff *(if self-represented)* |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No | Email address for delivery of papers under Section 10-13 *(if agreed to)*  plundstedt@optimum.net |
|---|---|

| Number of Plaintiffs: 1 | Number of Defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| **First Plaintiff** | Name: I.C. SYSTEM, INC., ~~c/o CT CORPORATION~~  Address: 1 CORPORATE CENTER, HARTFORD, CT 06103-3220  *Peter Lundstedt* | P-01 |
| **Additional Plaintiff** | Name:  Address: | P-02 |
| **First Defendant** | Name: I.C. SYSTEM, INC. c/o CT Corp. 1 Corporate Center  Address: HARTFORD, CT 06103-3220 | D-01 |
| **Additional Defendant** | Name:  Address: | D-02 |
| **Additional Defendant** | Name:  Address: | D-03 |
| **Additional Defendant** | Name:  Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed *(Sign and "X" proper box)* | ☐ Commissioner of the Superior Court  ☒ Assistant Clerk | Name of Person Signing at Left  Eileen Condreon | Date signed  5/5/2015 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

*For Court Use Only*
File Date

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date  5/5/2015 |
|---|---|---|
| Name and address of person recognized to prosecute in the amount of $250  Peter Lundstedt 15 Lafayette Ct. 3A, Greenwich, CT 06830 | | |
| Signed *(Official taking recognizance; "X" proper box)* | ☐ Commissioner of the Superior Court  ☐ Assistant Clerk | Date  5/5/2015 |

Docket Number  FSTCV155014755

☒ Print Form    (Page 1 of 2)    ☒ Reset Form

## Instructions

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for the following actions:

(a) Family matters (for example divorce, child support, custody, paternity, and visitation matters).
(b) Summary process actions.
(c) Applications for change of name.

(d) Probate appeals.
(e) Administrative appeals.
(f) Proceedings pertaining to arbitration.
(g) Any actions or proceedings in which an attachment, garnishment or replevy is sought.

---

### ADA NOTICE

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

---

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description | Major Description | Codes Major/Minor | Minor Description |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 10 | Construction - State and Local | | T 03 | Defective Premises - Private - Other |
| | C 20 | Insurance Policy | | T 11 | Defective Premises - Public - Snow or Ice |
| | C 30 | Specific Performance | | T 12 | Defective Premises - Public - Other |
| | C 40 | Collections | | T 20 | Products Liability - Other than Vehicular |
| | C 90 | All other | | T 28 | Malpractice - Medical |
| Eminent Domain | E 00 | State Highway Condemnation | | T 29 | Malpractice - Legal |
| | E 10 | Redevelopment Condemnation | | T 30 | Malpractice - All other |
| | E 20 | Other State or Municipal Agencies | | T 40 | Assault and Battery |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 50 | Defamation |
| | E 90 | All other | | T 61 | Animals - Dog |
| Miscellaneous | M 00 | Injunction | | T 69 | Animals - Other |
| | M 10 | Receivership | | T 70 | False Arrest |
| | M 20 | Mandamus | | T 71 | Fire Damage |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | T 90 | All other |
| | M 40 | Arbitration | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 50 | Declaratory Judgment | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 63 | Bar Discipline | | V 05 | Motor Vehicles* - Property Damage only |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 68 | Bar Discipline - Inactive Status | | V 09 | Motor Vehicle* - All other |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | V 10 | Boats |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | V 20 | Airplanes |
| | M 82 | Housing Civil Matters | | V 30 | Railroads |
| | M 83 | Small Claims Transfer to Regular Docket | | V 40 | Snowmobiles |
| | M 84 | Foreign Protective Order | | V 90 | All other |
| | M 90 | All other | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Property | P 00 | Foreclosure | | | |
| | P 10 | Partition | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien | | W 90 | All other |
| | P 30 | Asset Forfeiture | | | |
| | P 90 | All other | | | |

Print Form          Reset Form

| | | |
|---|---|---|
| PETER LUNDSTEDT, | : | CONNECTICUT |
| PLAINTIFF, | : | SUPERIOR COURT |
| v. | : | JUDICIAL DISTRICT OF |
| I.C. SYSTEM, INC. | : | FAIRFIELD |
| DEFENDANT. | : | APRIL 16, 2015 |

**COMPLAINT**

JURY TRIAL DEMANDED

1

# TABLE OF CONTENTS

Page

NATURE OF ACTION ..........................................................................................3

CLAIM SUMMATION.........................................................................................3

PARTIES ...........................................................................................................4

JURISDICTION...................................................................................................5

FACTUAL ALLEGATIONS..................................................................................5

## CAUSES OF ACTION

COUNT ONE:  DEFENDANTS VIOLATED PUBLIC ACT 14-53............................7

COUNT TWO:  DEFENDANTS VIOLATED THE TELEPHONE CONSUMER

PROTECTION ACT,  47 U.S.C. § 227 ET SEQ. .......................................................8

COUNT THREE:  WILLFULNESS.......................................................................11

COUNT FOUR:  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.............11

PRAYER FOR RELIEF........................................................................................12

JURY DEMAND.................................................................................................13

EXHIBIT A - PUBLIC ACT 14-53.......................................................................15

EXHIBIT B - PLAINTIFFS DO NOT CALL REGISTRATION.......................................22

EXHIBIT C – PLAINTIFFS CALL LOG...................................................................23

END NOTES.......................................................................................................24

## NATURE OF ACTION

1.      This is a claim for the purpose of seeking "SUBSTANTIAL JUSTICE" and for relief from damages caused, and/or statutorily wrongful conduct engaged in and by the Defendants, which gives Plaintiff title under law to make the following claims against the Defendants, and as well as claims "in equity", "at law", "at common law" and "in admiralty". Peter Lundstedt hereby sues Defendants I.C. System, Inc. as "ICS" going forward, or just "Defendants".

## SUMMARY OF COMPLAINT

2.      **a)** That the "Plaintiff", Peter Lundstedt, is an upstanding adult citizen and resident of Conn. **b)** The Defendants are debt collectors, on information and belief, attempting to collect a debt allegedly owed to Verizon for about $160.00 who called the Plaintiff at his residence without prior express consent at least 29 times in one month where the limit by law is two calls per year. [i] **c)** On the first call the Plaintiff told to defendants to stop calling him because was disputing the debt, and to take him off their list which they are obligated to do by law. **d)** The Defendants ignored the Plaintiff and proceeded to call again and again and again, where each time the Plaintiff told them to take him off their list. **e)** By doing so the Defendants violated state and federal TCPA "statutes". **f)** The Plaintiff asks that the Court award the Plaintiff the statutory damages in the amount of $20,000.00 per call as prescribed by statute as punishment for violating the law even when the Plaintiffs number was on the DO NOT CALL list and then again where they were told to stop and didn't. [ii]

3

**THE PARTIES**

3.      Peter Lundstedt, "Plaintiff", is a male United States Citizen, an adult resident of Fairfield County, Connecticut, a U.S. Veteran who has service connected statutory disabilities, a "consumer" as that term is defined by 15 U.S.C. § 1692a (3), and is a "person", as provided by 47 USC § 227, Restrictions of Telephone Equipment, who has a minimal net worth receiving VA disability payments and who presently resides at 15 Lafayette Ct. 3A, Greenwich, CT.

4.      I.C. System, Inc. is inter alta a rogue debt collector who called the Plaintiff multiple times from phone number 202-367-9716, apparently from a Washington D.C. office call center, but is apparently a Minnesota corporation with offices at 444 Highway 96 East, St. Paul, MN 55164 and who's agent is registered with the Connecticut Secretary of State as CT Corporation, One Corporate Center, Hartford, CT 06103-3220.

5.      That whenever reference is made in this complaint, to any act or practice of a Defendant, such allegation shall be deemed to mean that the principles, officers, directors, employees, agents or representatives of such Defendants did, or authorized, such act or practice, on behalf of such Defendants while actively engaged in the scope of their duties.

6.      That unnamed Co-Conspirators - Various other entities and individuals not named as Defendants in this Complaint participated as co-conspirators in the acts complained of and performed acts and made statements that aided and abetted and furthered the unlawful conduct alleged herein.

7.      That all conduct of the Defendants was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendants who knew in advance that the Defendants were likely to conduct themselves and allowed them to so act with conscious

4

disregard of the rights and safety of Plaintiff and others. The conduct alleged herein was outrageous, despicable, fraudulent, oppressive, and done knowingly with intent, with malice, and without cause.

## JURISDICTION

8.    Venue is proper because the events giving rise to this complaint happened in this state. This Court has jurisdiction pursuant to:  Diversity - Connecticut Long Arm Statute CT ST 52-59b, the Defendants violation of United States Code - The Telephone Consumer Protection Act ("TCPA") and because the Act gives jurisdiction to state and federal courts.[III]

9.    "We find no convincing reason to read into the TCPA's permissive grant of jurisdiction to state courts any barrier to the U. S. district courts' exercise of the general federal-question jurisdiction they have possessed since 1875. See Act of Mar. 3, 1875, §1, 18 Stat. 470; 13D C. Wright, A. Miller, E. Cooper, & R. Freer, Federal Practice and Procedure §3561, p. 163 (3d ed. 2008) (hereinafter Wright & Miller). We hold, therefore, that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA."  Supreme Court Of The United States - Mims v. Arrow Financial Services, LLC.

10.   The Defendants violation of United States Code - Harassment or abuse – because a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with collection of a debt. [IV]

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11.   That the acts or practices, for which the Plaintiff seeks relief, occurred in trade or commerce in The United States and Connecticut.

12.   That the Defendants acts and practices are and were outrageous, oppressive, unethical, immoral and unscrupulous.  That the Defendants blatantly disregarded the

5

common-law duty of good faith and fair dealing by reckless abandonment of their fiduciary responsibilities and failure to supervise, and because of that the plaintiff seeks relief.

13.    That the Defendants are and were in violation of U. S. and Connecticut Consumer Protection and Banking turning living in ones own house  a living nightmare. [v]  That the Defendants publicly state their respect for human rights.

14.    That the Defendants blanket policy of repeated "Robo" Calling to the Plaintiff and to other customers is not respecting human rights and is an outrageously lazy profit oriented way of mass debt collecting with no regard for the individual.  That Plaintiff was harmed. That Plaintiff is a U.S. Veteran with service connected disabilities.  That Plaintiff is and was a Handicapped Individual under 15 USC § 632 - Small-business concern. [vi]

15.    That if, (switching roles), the Plaintiff called the Defendants repeatedly after the Defendants told the Plaintiff to stop calling "each time" the Plaintiff called, would not the Defendants sue the Plaintiff and report it to the regulators?   Yes they would. The Defendants acts and practices, as described herein, therefore constitute unfair or deceptive acts or practices in violation of Conn. Gen. Stat 42-110b (a).

16.    The Defendants have engaged in the acts or practices alleged herein when they knew, or should have known, that their conduct was unfair or deceptive in violation of Conn. Gen. Stat. 42-110b(b).

17.    The Defendants engaged in negligent conduct or a willful violation of a statutory standard resulting in serious terrorizing emotional distress to the Plaintiff.  The Defendants committed terrorizing tortuous acts and caused Negligent Infliction of Emotional Distress upon the Plaintiff because the Plaintiff had been called hundreds if not thousands of times by other debt collectors.   The Defendants terrorizing acts and practices, as described

6

herein, are and were oppressive, unethical, immoral and unscrupulous, patently outrageous and the Defendants violations are part of a terrorizing pattern and practice which the Defendants have paid and or will pay many settlements and judgments.

18.     The Defendants have engaged in the repetitive acts or practices alleged herein when they knew, or should have known, that their terrorizing conduct was unfair or deceptive in violation of Conn. Gen. Stat. 42-110b(b).  The Defendants engaged in negligent conduct or a willful violation of a statutory standard resulting in serious emotional distress.

## CAUSES OF ACTION

19.     The Plaintiff alleges that the following of Plaintiffs constitutional rights, privileges, or immunities or Plaintiffs rights under Connecticut and U.S. statutes have been violated, whereby the Plaintiff sets forth these claims, which, if proven as fact, the law will provide some remedy.

## COUNT ONE

## DEFENDANTS VIOLATED PUBLIC ACT 14-53

20.     Plaintiff repeats and realleges all allegations contained above as fully set forth herein.

21.     The acts or practices described in this complaint occurred in trade or commerce in Connecticut.  Whenever reference is made in this complaint to any act or practice of a Defendant, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents or representatives of such Defendant did, or authorized, such act or practice on behalf of such Defendant while actively engaged in the scope of their duties.

22.     Whenever reference is made in this complaint to any act, practice, or conduct of a Defendant, such allegation shall be deemed to mean the act of that Defendant acting individually or jointly, through an agreement to *so* act or through that the Defendants

7

provision of assistance or encouragement in accomplishing an unfair act or practice, given either in breach of that the Defendants own duty or with knowledge that the other the Defendants were wrongful.

23. By engaging in the aforementioned repeated terrorizing acts and practices, the Defendants violated the public policy of the State of Connecticut. The Defendants acts and practices, as described herein, are oppressively terrorizing, unethical, immoral, unscrupulous and beyond any acceptable level of business conduct. The Defendants acts or practices, as described herein, therefore constitute unfair or deceptive acts or practices in violation of Conn. Gen, Stat. § 42-110b(a).

24. The Defendants violated the Act by calling the Plaintiff multiple times when the Plaintiff was already registered on the DO NOT CALL list, where the Act is titled: AN ACT PROHIBITING UNSOLICITED COMMERCIAL TEXT MESSAGES AND INCREASING PENALTIES FOR VIOLATIONS OF THE DO NOT CALL REGISTRY, See **EXHIBT B** for Plaintiffs DO NOT CALL Registration).

## COUNT TWO

## DEFENDANTS VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT,

### 47 U.S.C. § 227 ET SEQ.

25. Plaintiff repeats and realleges all allegations contained above as fully set forth herein.

26. That this is a claim that Defendants are in violation of The Telephone Consumer Protection Act, 47 U.S.C.§227 et seq. That Defendants, in the conduct of their business, use an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

8

27.     That Section 47 U.S.C. § 227(b)(J)(A)(iii) provides in pertinent part: It shall be unlawful for any person within the United States – (A) to make any call using any automatic telephone system or an artificial or prerecorded voice -- (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.  That the Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendants: (1) made multiple collection calls on multiple days in multiple weeks to Plaintiff attempting to collect the Alleged Debt; (2) made Collection Calls to Plaintiff after Plaintiff told Defendants that Plaintiff was disputing the Alleged illegal Debt; and (3) made Collection Calls to Plaintiff after Plaintiff told Defendants to stop calling him regarding the Alleged Debt because it was injurious to the Plaintiff.

28.     That a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt...the Defendants conduct is a violation of this section:  (4) the advertisement for sale of any debt to coerce payment of the debt.  (5) causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

29.     That the Plaintiff did feel harassed, oppressed and abused by the Defendants actions, not with one phone call, but 29 phone calls, including attempts, asking for the same information repeatedly in clear violation of the law.

30.     That the Defendants did use the telephone repeatedly and continuously 29 times because it was their policy with intent to annoy, abuse, or harass, see the Plaintiffs call record provided by Optimum in **Exhibit C**.

9

31.     That the Defendants behavior is and was outrageous and unacceptable within any civilized society.   That the Fair Debt Collection Practices Act § 806. Harassment or Abuse [15 USC 1692d] states...A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

32.     That the Defendants did cause Plaintiffs' telephone to ring and did engage Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse.   That Black's Law Dictionary defines "mental anguish" or "emotional distress" as an element of damages including "the mental suffering resulting from the excitation of the more poignant and painful emotions, such as grief, severe disappointment, indignation, wounded pride, shame, public humiliation, despair, etc."

33.     That Expert testimony is unnecessary to prove emotional distress.  Expert testimony is not required to prove negligent infliction of emotional distress, the Illinois Supreme Court has ruled in affirming a $700,000 award.  That the Defendants conduct was extreme and outrageous towards Plaintiff.  That the Defendants owed a duty of care to the plaintiff.

34.     That the Defendants, in the conduct of their business, used a repetitive pattern of terrorizing acts and practices with automatic telephone dialing systems such as defined by 47 U.S.C. § 227(a) (1) (A) to communicate with Plaintiff over and over again.

35.     That the Plaintiff did feel terrorized, harassed, oppressed and abused by the Defendants actions, not with one phone call, but 29 phone calls, asking for the same information, over and over.  That the Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) and 15 U.S. Code § 1692d - Harassment or abuse, when the Defendants repetitively: a) made multiple terrorizing collection calls on multiple days in multiple weeks to the Plaintiff

attempting to collect the Alleged Debt; b) made terrorizing Collection Calls to the Plaintiff after the Plaintiff told the Defendants that the Plaintiff was disputing the Alleged Debt; and c) made terrorizing Collection Calls to the Plaintiff after the Plaintiff told the Defendants to stop calling him regarding the Alleged Debt because it was injurious to the Plaintiff.  That a jury would be very interested in viewing all phone records and repetitive terrorizing phone interrogations of Plaintiff, made by an army of so called "service representatives", many of whom are former employees that would gladly agree to testify.

## COUNT THREE

## WILLFULNESS

36.    The Plaintiff repeats and realleges all allegations contained above as fully set forth herein.  The Defendants engaged in the acts when they knew or should have known, that their conduct was unfair or deceptive in violation of Conn. Gen. Stat. §42~11Ob(a).

## COUNT FOUR

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

37.    The Plaintiff repeats and realleges all allegations above as fully set forth herein. That under the Fair Debt Collection Practices Act, 15 U.S. Code § 1692d - Harassment or Abuse states..."A debt collector may not engage in any conduct the natural consequence of which is to (terrorize) harass, oppress, or abuse any person in connection with the collection of a debt and were in violation of the Fair Debt Collection Practices Act § 808." Unfair practices [15 USC 1692f]..."a debt collector may not use unfair or unconscionable (terrorizing) means to collect or attempt to collect any debt and is also covered under Connecticut Law."

38.    That the Defendants, who owed a legal duty of care to the plaintiff, breached that duty and are the proximate (including Verizon who hired them) or legal cause of actual damage

11

or injury.  The Defendants engaged in negligent conduct or a willful violation of a statutory standard resulting in emotional distress.  That because of the Defendants repetitive breach, acts, failure to act or supervise were the cause of the Plaintiff's injuries, the Plaintiff is entitled to compensation.

### PRAYER FOR RELIEF

39.   That this Court award compensatory damages in favor of Plaintiff against all Defendants, jointly and severally, for all damages sustained as a result of Defendants wrongdoing, in an amount to be proven at trial, including interest thereon.

40.   That this Court award punitive damages in favor of Plaintiffs' common-law fraud claims.

41.   That this Court award Plaintiff reasonable costs and expenses incurred in this action, including counsel fees and expert fees.

42.   That this Court enters a judgment in favor of the Plaintiff, against the Defendants both jointly and severally or alone , of $580,000.00 as provided by Connecticut Public Act 14-53.

43.   That this Court Grant Prejudgment interest at maximum legal rate.  That this Court grants such other and further relief as the nature of the cause may require.

12

44.    That such other relief, including equitable relief, as the Court may deem just and proper.

## JURY DEMAND

Wherefore the Plaintiff hereby requests a jury trial on all issues raised in this complaint, and pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff respectfully demands a trial by jury on all issues triable by jury as is guaranteed by The Constitution of These United States. Plaintiff has read and affirms that this complaint is grounded in fact, to the best of the Plaintiffs' knowledge, information, and belief; and that it is brought in Good Faith.

April 16, 2014

Peter Lundstedt
(203) 861 0035
Peter Lundstedt
15 Lafayette Ct. 3A
Greenwich, CT  06830
plundstedt@gmail.com


## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.  Executed at Greenwich, CT on January 14th, 2014

April 16, 2014

Peter Lundstedt
(203) 861 0035 (203) 733-0311
Peter Lundstedt
15 Lafayette Ct. 3A
Greenwich, CT  06830
plundstedt@gmail.com

13

# CERTIFICATION

This is to certify that a copy of the forgoing was sent on April 16, 2014 to:

CT Corporation
1 Corporate Center
Hartford, CT  06103-3220

I.C. System, Inc.
444 Highway 96 East
St. Paul, MN 55164

Verizon Communications Inc.
1095 Avenue Of The Americas
New York Ny 10036

Peter Lundstedt
(203) 861 0035 (203) 733-0311
Peter Lundstedt
15 Lafayette Ct. 3A
Greenwich, CT  06830
plundstedt@gmail.com

14

**EXHIBIT A**



**Substitute Senate Bill No. 209**

**Public Act No. 14-53**

AN ACT PROHIBITING UNSOLICITED COMMERCIAL TEXT MESSAGES AND INCREASING PENALTIES FOR VIOLATIONS OF THE DO NOT CALL REGISTRY**.  (See EXHIBT B for Plaintiffs DO NOT CALL Registration).**

Be it enacted by the Senate and House of Representatives in General Assembly convened:

Section 1. Section 42-288a of the general statutes is repealed and the following is substituted in lieu thereof (Effective October 1, 2014):

(a) As used in this section and section 2 of this act:

(1) "Commissioner" means the Commissioner of Consumer Protection;

15

(2) "Consumer" means any individual who is a resident of this state and a prospective recipient of consumer goods or services;

(3) "Consumer goods or services" means any article or service that is purchased, leased, exchanged or received primarily for personal, family or household purposes, and includes, but is not limited to, stocks, bonds, mutual funds, annuities and other financial products;

(4) "Department" means the Department of Consumer Protection;

(5) "Doing business in this state" means conducting telephonic sales calls (A) from a location in this state, or (B) from a location outside of this state to consumers residing in this state;

(6) "Prior express written consent" has the meaning provided in 47 CFR 64.1200, as amended from time to time;

(6)] (7) "Marketing or sales solicitation" means the initiation of a telephone call or message, including, but not limited to, a text or media message, to encourage the purchase or rental of, or investment in, property, goods or services, that is transmitted to any consumer, but does not include a telephone call or message, including, but not limited to, a text or media message (A) to any consumer with [that] such consumer's prior express written [or verbal invitation or permission] consent, (B) by a tax-exempt nonprofit organization, or (C) to a consumer in response to a visit made by such consumer to an establishment selling, leasing or exchanging consumer goods or services at a fixed location;

7)] (8) "Telephonic sales call" means a telephone call made by a telephone solicitor, or a text or media message sent by or on behalf of a telephone solicitor, to a consumer for the purpose of (A) engaging in a marketing or sales solicitation, (B) soliciting an extension of credit

16

for consumer goods or services, or (C) obtaining information that will or may be used for marketing or sales solicitation or exchange of or extension of credit for consumer goods or services;

(8)] (9) "Telephone solicitor" means any individual, association, corporation, partnership, limited partnership, limited liability company or other business entity, or a subsidiary or affiliate thereof, doing business in this state that makes or causes to be made a telephonic sales call, including, but not limited to, sending or causing to be sent a text or media message to a consumer's mobile telephone or mobile electronic device;

10) "Text or media message" means a message that contains written, audio, video or photographic content and is sent electronically to a mobile telephone or mobile electronic device telephone number, but does not include electronic mail sent to an electronic mail address;

9)] (11) "Unsolicited telephonic sales call" means any telephonic sales call other than a telephonic sales call made: (A) [In response to an express written or verbal request] Pursuant to the prior express written consent of the consumer who is called or sent a text or media message; (B) primarily in connection with an existing debt or contract, payment or performance of which has not been completed at the time of the telephonic sales call; or (C) to an existing customer, unless such customer has stated to the telephone solicitor that such customer no longer wishes to receive the telephonic sales calls of such telephone solicitor; and

(10)] (12) "Caller identification service or device" means any telephone service or device which permits a consumer to see the telephone number of incoming telephone calls or text or media messages.

17

(b) The department shall establish and maintain a "no sales solicitation calls" listing of consumers who do not wish to receive unsolicited telephonic sales calls. The department may contract with a private vendor to establish and maintain such listing, provided (1) the private vendor has maintained national "no sales solicitation calls" listings for more than two years, and (2) the contract requires the vendor to provide the "no sales solicitation calls" listing in a printed hard copy format and in any other format offered at a cost that does not exceed the production cost of the format offered. The department shall provide notice to consumers of the establishment of a "no sales solicitation calls" listing.   Any consumer who wishes to be included on such listing shall notify the department by calling a toll-free number provided by the department, or in any other such manner and at such times as the commissioner may prescribe. A consumer on such listing shall be deleted from such listing upon the consumer's written request.   The department shall update such listing not less than quarterly and shall make such listing available to telephone solicitors and other persons upon request.

(c) No telephone solicitor may make or cause to be made any unsolicited telephonic sales call to any consumer (1) if the consumer's name and telephone number or numbers appear on the then current quarterly "no sales solicitation calls" listing made available by the department under subsection (b) of this section, unless (A) such call was made by a telephone solicitor that first began doing business in this state on or after January 1, 2000, (B) a period of less than one year has passed since such telephone solicitor first began doing business in this state, and (C) the consumer to whom such call was made had not on a previous occasion stated to such telephone solicitor that such consumer no longer wishes to receive the telephonic sales calls of such telephone solicitor, (2) for telephone calls, to be received between the hours of nine o'clock p.m. and nine o'clock a.m., local time, at the consumer's

18

location or, for text or media messages, to be received on the consumer's mobile telephone or mobile electronic device at any time, (3) in the form of electronically transmitted facsimiles, or (4) by use of a recorded message device.

(d) No telephone "tele." solicitor [shall] may intentionally cause to be installed or [shall] may intentionally use any blocking device or service to circumvent a consumer's use of a caller identification service or device. No tele. solicitor [shall] may intentionally transmit inaccurate or misleading caller identification information.

(e) (1) Any person who obtains the name, residential address or tele. number of any consumer from published tele. directories or from any other source and republishes or compiles such information, electronically or otherwise, and sells or offers to sell such publication or compilation to tele. solicitors for marketing or sales solicitation purposes, shall exclude from any such publication or compilation, and from the database used to prepare such publication or compilation, the name, address and tele. number or numbers of any consumer if the consumer's name and tele. number or numbers appear in the then current quarterly "no sales solicitation calls" listing made available by the department under subsection (b) of this section.

(2) This subsection does not apply to (A) any tele. company, as defined in section 16-1, for the sole purpose of compiling, publishing or distributing tele. directories or causing the compilation, publication or distribution of tele. directories or providing directory assistance, and (B) any person, for the sole purpose of compiling, publishing or distributing tele. directories for such tele. company pursuant to an agreement or other arrangement with such tele. company.

(f) The commissioner may adopt regulations, [pursuant to] in accordance with chapter 54, to carry out the provisions of this section. Such regulations may include, but shall not be

19

limited to, provisions governing the availability and distribution of the listing established under subsection (b) of this section and notice requirements for consumers wishing to be included on the listing established under subsection (b) of this section.

(g) A violation of any of the provisions of this section shall be deemed an unfair or deceptive trade practice under subsection (a) of section 42-110b, except that no tele. solicitor may be liable under this section for a call made in violation of subdivision (1) of subsection (c) of this section if such tele. solicitor demonstrates that: (1) Such tele. solicitor established and implemented written procedures and trained its employees to follow such procedures to comply with subdivision (1) of subsection (c) of this section; (2) such tele. solicitor deleted from its call list any listing of a consumer on the then current quarterly "no sales solicitation calls" listing maintained pursuant to subsection (b) of this section; and (3) such call was made inadvertently.

(h) No tele. solicitor may make or cause to be made an unsolicited, automatically dialed, recorded telephonic sales call to a consumer without such consumer's prior express written consent.

(i) In addition to the requirements of subsections (b) to (h), inclusive, of this section, if a consumer's mobile tele. or mobile electronic device tele. number does not appear on the then current quarterly "no sales solicitation calls" listing made available by the department under subsection (b) of this section, no tele. solicitor may send or cause to be sent a text or media message to such number for the purpose of marketing or sales solicitation of consumer goods, unless such tele. solicitor has received the prior express written consent of the consumer to receive such text or media message.

20

(j) Notwithstanding the provisions of subsections (c) and (i) of this section, a telecommunications company, as defined in section 16-1, may send a text or media message to an existing customer, provided: (1) Such telecommunications company does not charge the customer a fee for such text or media message, and (2) such text or media message is primarily in connection with (A) an existing debt, payment of which has not been completed at the time the text or media message is sent, (B) an existing contract between the telecommunications company and the customer, (C) a wireless emergency alert authorized by federal law, or (D) a prior request for customer service that was initiated by the customer.

[(h)] (k) In addition to any penalty imposed under chapter 735a, any tele. solicitor, who is liable under the provisions of [subsection (g)] subsections (g) to (i), inclusive, of this section, shall be fined not more than [eleven] twenty thousand dollars for each violation.

Sec. 2. (NEW) (Effective October 1, 2014) Each tele. and telecommunications company, as defined in section 16-1 of the general statutes, that issues an account statement to a consumer with respect to service for a tele., mobile tele. or mobile electronic device shall, not less than two times per year, include on or with such statement a conspicuous notice, informing the consumer with respect to: (1) The prohibitions placed on tele. solicitors pursuant to section 42-288a of the general statutes, as amended by this act, (2) how

to place the consumer's tele. number, mobile tele. number or mobile electronic device tele. number on the "no sales solicitation calls" listing established pursuant to subsection (b) of section 42-288a of the general statutes, as amended by this act, and (3) how to obtain a "no sales solicitation complaint" form on the Department of Consumer Protection's Internet web site.

Approved May 28, 2014                                         Public Act No. 14-53

21

EXHIBIT B

The National Do Not Call Registry is a list of phone numbers from consumers who have indicated their preference to limit the telemarketing calls they receive. The registry is managed by the Federal Trade Commission (FTC), the nation's consumer protection agency. It is enforced by the FTC, the Federal Communications Commission (FCC), and state officials.

----- Original Message -----
From: **REDACTED**
To: **REDACTED** t
Sent: Monday, October 13, 2014 3:40 PM
Subject: National Do Not Call Registry - Your Registration Is Confirmed

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in **REDACTED December 15, 2011**...

Visit https://www.donotcall.gov  to register another number or file a complaint against someone violating the Registry.

----- Original Message -----
From: **REDACTED**
To: **REDACTED** t
Sent: Monday, October 13, 2014 3:40 PM
Subject: National Do Not Call Registry - Your Registration Is Confirmed

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in **REDACTED on December 15, 2011**...

Visit https://www.donotcall.gov  to register another number or file a complaint against someone violating the Registry.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

22

EXHIBIT C

**optimum**

TV    Phone

for phone number: **REDACTED**

To check your Voicemail call: **REDACTED** 

# Call History

## Call History Details
From Feb 16, 2015 to Apr 11, 2015
Total Number of Minutes: 1273:37
Total Number of Calls: 480

Print ▼   Go

| | Date & Time | Type | | Location | Mins |
|---|---|---|---|---|---|
| 1 | 2/16/2015 8:44 | Inbound | | Washington, DC | 1:08 |
| 2 | 2/17/2015 8:10 | Missed | | Washington, DC | 0:06 |
| 3 | 2/17/2015 13:15 | Missed | REDACTED | Washington, DC | 0:06 |
| 4 | 2/17/2015 18:07 | Inbound | | Washington, DC | 0:16 |
| 5 | 2/18/2015 9:01 | Inbound | | Washington, DC | 0:42 |
| 6 | 2/26/2015 8:02 | Missed | | Washington, DC | 0:06 |
| 7 | 2/26/2015 13:16 | Missed | | Washington, DC | 0:06 |
| 8 | 2/26/2015 16:45 | Inbound | | Washington, DC | 1:18 |
| 9 | 2/26/2015 18:01 | Inbound | | Washington, DC | 1:25 |
| 10 | 2/27/2015 9:08 | Missed | | Washington, DC | 0:06 |
| 11 | 2/28/2015 9:23 | Missed | REDACTED | Washington, DC | 0:06 |
| 12 | 2/28/2015 12:19 | Inbound | | Washington, DC | 0:51 |
| 13 | 3/2/2015 8:28 | Missed | | Washington, DC | 0:06 |
| 14 | 3/2/2015 12:15 | Inbound | | Washington, DC | 0:05 |
| 15 | 3/2/2015 14:45 | Missed | | Washington, DC | 0:06 |
| 16 | 3/3/2015 10:04 | Missed | | Washington, DC | 0:05 |
| 17 | 3/3/2015 12:26 | Inbound | | Washington, DC | 0:48 |
| 18 | 3/4/2015 9:17 | Missed | | Washington, DC | 0:06 |
| 19 | 3/4/2015 12:24 | Inbound | | Washington, DC | 0:14 |
| 20 | 3/5/2015 9:57 | Inbound | | Washington, DC | 0:24 |
| 21 | 3/6/2015 8:17 | Missed | REDACTED | Washington, DC | 0:06 |
| 22 | 3/6/2015 10:36 | Inbound | | Washington, DC | 0:18 |
| 23 | 3/7/2015 10:01 | Missed | | Washington, DC | 0:06 |
| 24 | 3/9/2015 9:00 | Missed | | Washington, DC | 0:07 |
| 25 | 3/9/2015 12:34 | Inbound | | Washington, DC | 0:34 |
| 26 | 3/10/2015 8:37 | Missed | | Washington, DC | 0:06 |
| 27 | 3/10/2015 12:21 | Inbound | | Washington, DC | 0:51 |
| 28 | 3/11/2015 8:34 | Missed | REDACTED | Washington, DC | 0:06 |
| 29 | 3/11/2015 11:57 | Inbound | | Washington, DC | 0:56 |

23

END NOTES

[i]     In re Rules Implementing the Telephone Consumer Protection Act of 1991, 23 FCC Rcd 559 (F.C.C. 2007). The FCC further noted "autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the 'prior express consent' of the called party" and "are permissible." Id., at 564.1 However, the caller bears the burden to maintain evidence showing "prior express consent" was given. Id., at 565.  Under the FCC's interpretation, the called party must provide their telephone number to the caller before the first autodialed call is made. Neither the TCPA nor the FCC requires consent to be in writing so verbal consent is valid.  Telephone numbers obtained from third party call lists, skip tracing or Caller Id technology do not satisfy the TCPA's requirement of the "prior express consent" of the called party.  To date, no federal appellate court has overruled the FCC's interpretation of "prior express consent.

[ii]    On May 28, 2014, Connecticut Governor, Dannel Malloy, signed Senate Bill 209 into law. The new law, codified as Public Act 14-53, will go into effect on October 1, 2014, and significantly mirrors the language and intent of the TCPA, with one major exception:  while the TCPA provides for statutory damages ranging from $500.00 to $1,500.00 per violation, Connecticut's new TCPA-like statute provides for statutory damages of up to $20,000.00 per violation.  See Public Act 14-53 in **EXHIBIT A**.

[iii]   From:  The Supreme Court Of The United States - Mims v. Arrow Financial Services, LLC Certiorari To The United States Court Of Appeals For The Eleventh Circuit - No. 10–1195. Argued November 28, 2011—Decided January 18, 2012 -    Consumer complaints about abuses of telephone technology—for example, computerized calls to private homes—prompted Congress to pass the Telephone Consumer Protection Act of 1991 (TCPA or Act), 47 U. S. C. §227. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls. The Act bans certain invasive telemarketing practices and directs the Federal Communications Commission (FCC) to prescribe implementing regulations. It authorizes States to bring civil actions to enjoin prohibited practices and recover damages on their residents' behalf, 47 U. S. C. A. §227(g)(1) (Supp. 2011), and provides that jurisdiction over these state-initiated suits lies exclusively in the U. S. district courts, §227(g)(2). It also permits a private person to seek redress for violations of the Act or regulations "in an appropriate court

24

of [a] State," "if [such an action is] otherwise permitted by the laws or rules of court of [that] State." 47 U. S. C. §§227(b)(3), (c)(5).  Held: The TCPA's permissive grant of jurisdiction to state courts does not deprive the U. S. district courts of federal-question jurisdiction over private TCPA suits. Pp. 7–18.  Title 47 U. S. C. §227(b)(3)'s language may be state-court oriented, but "the grant of jurisdiction to one court does not, of itself, imply that the jurisdiction is to be exclusive," United States v. Bank of New York & Trust Co., 296 U. S. 463, 479.

iv   [Codified to 15 U.S.C. 1692d] [Source:  Section 806 of title VIII of the Act of May 29, 1968 (Pub. L. No. 90-321), as added by the Act of September 20, 1977 (Pub. L. No. 95-109; 91 Stat. 877), effective Mar 20, 1978]

v   Specifically, The Connecticut Unfair Trade Practices Act ("CUTPA"), Chapter 735 for relief against the Defendants for violations of Conn. Gen. Stat. 42-110b(a), which prohibits unfair or deceptive acts or practices, for restitution to consumers...

vi   (f) "Handicapped Individual" defined ... an individual— (1) who has a physical, mental, or emotional impairment, defect, ailment, disease, or disability of a permanent nature which in any way limits the selection of any type of employment for which the person would otherwise be qualified or qualifiable; or (2) who is a service-disabled veteran.

STATE OF CONNECTIUCT    )

                                ss:  Greenwich        May 14, 2015(2:30p.m.)

COUNTY OF FAIRFIELD     )

Then and there, by virtue hereof, of the original Writ, Summons, Complaint, Certification and Application for Waiver of Fees, I made service upon the within named defendant, I. C. SYSTEM, INC., by Mailing, Postage Paid, Certified Mail, Return Receipt Requested,  an Envelope containing a true and attested copy of the original Writ, Summons, Complaint, Certification and Application for Waiver of Fees, with my doings thereon endorsed, to the Agent for Service, CT CORPORATION, 1 Corporate Center, Hartford, Connecticut, 06103-3220.   And I received for said Mailing, the Certified Mail Receipt, Number: 7014 2120 0000 4145 2393.

      The within and foregoing is the original Writ, Summons, Complaint, Certification and Application for Waiver of Fees, with my doings hereon endorsed.

ATTEST:

        **Fees**

| | | |
|---|---|---|
| 2 Mi. Travel @ .57 | $ | 1.14 |
| 1 Service | | 40.00 |
| 29 Copies @ 1.00 | | 29.00 |
| 4 Endorsements @ .40 | | 1.60 |
| Postage | | 8.68 |
| Total | $ | 80.42 |

Philip M. Pittocco
Constable, Town of Greenwich

CONNECTICUT SUPERIOR COURT  )

          ss: Greenwich   May 22, 2015

JUDICAL DISTRICT OF FAIRFIELD  )

PETER LUNDTEDT, PLAINTIFF
     VS.
I. C. SYSTEM, INC.,

## SUPPLEMENTAL RETURN

  Then and there, I received the attached Signed, Return Receipt, Number:  7014 2120 0000 4145 2393, for the Certified Letter I mailed on May 14, 2015, at 2:30 P. M., containing a true and attested copy of the original Writ, Summons, Complaint, Certification and Application for Waiver of Fees, with my doings thereon endorsed, mailed to the Agent for Service, for the within named defendant, I. C. SYSTEM, INC.,  to CT CORPORATION, 1 Corporate Center, Hartford, Connecticut, 06103-3220.

        ATTEST:

           --------------------------------------------------

           Philip M. Pittocco
           Constable,  Town of Greenwich

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $2.68 |
| Certified Fee | | $3.30 |
| Return Receipt Fee (Endorsement Required) | | $2.70 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $8.68 |

0830
08

Postmark
Here

Sent To   05/14/2015
RADISSON, INC. C/O CT CORPORATION
Street & Apt. No., or PO Box No. 1 CORPORATE CENTER
City, State, ZIP+4 HARTFORD, CT, 06103-3220

PS Form 3800, July 2014          See Reverse for Instructions

7014 2120 0000 4745 2833

REDACTED

REDACTED

REDACTED

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

I.C. SYSTEM, INC.
C/O CT CORPORATION
1 CORPORATE CENTER
HARTFORD, CT., 06103-3220

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Gary Scarpini_    ☑ Agent
                      ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☑ Certified Mail®        ☐ Priority Mail Express™
☐ Registered            ☐ Return Receipt for Merchandise
☐ Insured Mail          ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7014 2120 0000 4145 2393

PS Form 3811, July 2013          Domestic Return Receipt